**Joseph SOARES**

v.

**RIGHA GROUP, INC.**

No. 90–5–A.

Supreme Court of Rhode Island.

Nov. 2, 1990.

Richard A. Skolnik, Lipsey & Skolnik, Eleanor Brown, Providence, for plaintiff.

R. Sheridan, Jr., Roberts, Carroll, Feldstein & Peirce, Inc., Providence, Paul E. Dwyer, Jr., Tucker & Biegel, Warwick, for defendant.

OPINION

**PER CURIAM.**

This case came before a hearing panel of this court for oral argument on October 16, 1990, pursuant to an order that had directed the plaintiff to appear and show cause why his appeal should not be denied and dismissed. The plaintiff was injured in a motorcycle accident on September 4, 1987. At the time of his injury, the plaintiff was a subscriber for the providing of health care by Rhode Island Group Health Association, Inc. (RIGHA) and was treated by physicians employed by RIGHA. The plaintiff claims that he was injured as a result of the negligence of these physicians. The plaintiff has brought action against the physicians, but filed a separate action against RIGHA. The Superior Court granted summary judgment in favor of RIGHA on the ground that section 12 of RIGHA's charter as enacted by the General Assembly specifically exempts RIGHA from actions based upon the negligence of the person rendering professional services on its behalf to subscribers.

 The plaintiff challenges this exemption as violative of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. We reject this challenge. This court has stated that the Legislature may establish rational classifications for socio-economic reasons and that in reviewing these classifications, when they do not impinge upon a fundamental right or create a disadvantage to a suspect class, the court will subject these classifications to a minimal judicial scrutiny. Under these circumstances the legislation will be upheld unless the statute is found to be without any reasonable basis and, therefore, to be purely arbitrary. *See In re Advisory Opinion to the House of Representatives*, 519 A.2d 578, 583 (R.I. 1987).

 In the case at bar, although the Legislature of Rhode Island has repealed the exemption for negligence given to hospitals, other medical service corporations,

such as Blue Shield, are exempted from suit based upon the negligent acts of member physicians pursuant to G.L.1956 (1989 Reenactment) § 27.-20-7. In our opinion, it is neither capricious nor arbitrary for the Legislature to consider an HMO such as RIGHA as more comparable to other non-profit medical service corporations than to hospitals. The equal protection challenge must therefore fail.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that the trial justice did not err in granting summary judgment in favor of RIGHA based upon its statutory exemption.

Consequently, the plaintiff's appeal is denied and dismissed, the judgment entered in the Superior Court is hereby affirmed. The papers in the case may be remanded to the Superior Court.

KELLEHER and SHEA, JJ., did not participate.